**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 20-cv-1556-WJM-GPG

JOSHUA SIMPSON,
LUKE IRVIN CHRISCO,

    Plaintiffs,

v.

MATT LEWIS, in his official capacity,

    Defendant.

---

## ORDER DENYING PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

---

In this prisoner litigation action, Plaintiffs Joshua Simpson and Luke Irvin Chrisco sue Matt Lewis in his official capacity as Sheriff of Mesa County, Colorado, and Keeper of the Mesa County Detention Facility ("MCDF"), alleging that MCDF's response to COVID-19 violates Plaintiffs' constitutional rights.  (ECF No. 1.)

Before the Court is Plaintiffs' Motion for a Preliminary Injunction ("PI Motion"). (ECF No. 3.)  Also before the Court is Defendant's Motion to Hold Motion to Dismiss and Motion for Preliminary Injunction in Abeyance ("Motion to Stay").  (ECF No. 43.)

The Court finds that no evidentiary hearing is needed to resolve the PI Motion. For the reasons explained below, the Court denies the PI Motion and denies as moot the Motion to Stay to the extent it requests that the Court hold the PI Motion in abeyance.

### I.  BACKGROUND

The parties dispute most of the relevant facts.  The Court need not resolve those

disputes for purposes of the analysis below.  The following statements drawn from the parties' papers are enough to frame the issues.

As of May 29, 2020, Chrisco, an inmate, and Simpson, a pretrial detainee, were both being held at the MCDF.  (ECF No. 1 at 20–21.)  Plaintiffs contend that MCDF's policies relating to COVID-19 have "force[d] them to needlessly bear substantial risk of serious harm."  (ECF No. 3 at 5.)  They state, among other things, that

- MCDF staff members are allowed to enter MCDF without being tested for COVID-19 and are not required to wear masks or other personal protective equipment (*id.* at 6);
- MCDF does not provide personal protective equipment for inmates to wear inside the facility or allow inmates widespread access to cleaning supplies (*id.* at 6, 10);
- posters from the Centers for Disease Control and Prevention ("CDC") are not placed in areas where inmates are easily able to read them (*id.* at 7);
- inmates have not received "education or training" regarding the threat of COVID-19 or about ways that they might reduce the likelihood that they contract the disease or spread it to others (*id.* at 8);
- inmates continue to eat meals close together and are not engaging in social distancing (*id.* at 9, 11);
- humidity levels within MCDF are "extremely low," which increases the likelihood of COVID-19 transmission (*id.* at 11); and

- there are "no sub ventilation filters" on the air vents to prevent air from blowing into other inmates' cells (*id.*).

In their PI Motion, Plaintiffs request that the Court order MCDF to take the following actions to reduce Plaintiffs' risk of exposure to COVID-19:

- place buckets of water inside inmates' cells (*id.* at 14);

- provide inmates with latex gloves and masks (*id.* at 14–15);

- affix "MERV 13 filters" to air vents (*id.* at 15); and

- place a trashcan and a bucket of soapy water in the recreation yard (*id.* at 15).

In his response, Defendant describes a number of steps that MCDF has taken as of August 28, 2020 to reduce the risk of an outbreak of COVID-19 at the facility. (ECF No. 38 at 3.) These steps include implementing screening protocols and quarantine protocols, reducing the number of inmates housed at the facility, testing for COVID-19, providing inmates and staff with masks and soap, prohibiting non-essential visitors from entering the facility, providing increased access to cleaning products, and providing inmates with information regarding COVID-19 throughout the facility. (*Id.* at 3–5.) As of August 28, 2020, not a single inmate or staff member at MCDF had tested positive for COVID-19. (*Id.* at 3.)

## II. PI MOTION

### A.   Legal Standard

A preliminary injunction is an extraordinary remedy; accordingly, the right to relief must be clear and unequivocal. *See, e.g.*, *Flood v. ClearOne Commc'ns, Inc.*, 618 F.3d

1110, 1117 (10th Cir. 2010). In order to obtain a preliminary injunction, a plaintiff must establish the following factors: (1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest. *Diné Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016). Among those elements, "a showing of probable irreparable harm is the single most important prerequisite." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004).

Moreover, the Tenth Circuit continues to apply a heightened standard for "[d]isfavored preliminary injunctions," which do not

> merely preserve the parties' relative positions pending trial. Instead, a disfavored injunction may exhibit any of three characteristics: (1) it mandates action (rather than prohibiting it), (2) it changes the status quo, or (3) it grants all the relief that the moving party could expect from a trial win. To get a disfavored injunction, the moving party faces a heavier burden on the likelihood-of-success-on-the-merits and the balance-of-harms factors: She must make a strong showing that these tilt in her favor.

*Free the Nipple-Fort Collins v. City of Fort Collins*, 916 F.3d 792, 797 (10th Cir. 2019). (citations and internal quotation marks omitted). Because Plaintiffs' PI Motion requests that the Court mandate action, they must make a strong showing that the factors for a preliminary injunction weigh in their favor.

**B.    Analysis**

Defendant argues that Plaintiffs are unlikely to succeed on the merits of their lawsuit because they have not exhausted their administrative remedies. (ECF No. 38 at 12.)

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This language is mandatory. *See Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007) (recognizing that "[t]here is no question that exhaustion is mandatory under the PLRA" and "unexhausted claims cannot be brought in court"). Accordingly, "a court may not excuse a failure to exhaust, even to take [special] circumstances into account." *Ross*, 136 S. Ct. at 1856; *see also Nellson v. Barnhart*, — F. Supp. 3d —, 2020 WL 1890670, at *5 (D. Colo. Apr. 16, 2020) (recognizing that "the Court may not alter the mandatory requirements of the PLRA for COVID-19 or any other special circumstance").

"Because the prison's procedural requirements define the steps necessary for exhaustion, an inmate may only exhaust by properly following all of the steps laid out in the prison system's grievance procedure." *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010) (internal citations omitted). Merely beginning the grievance process is insufficient for exhaustion purposes. *See Thomas v. Parker*, 609 F.3d 1114, 1118 (10th Cir. 2010) (recognizing that "[a]n inmate who begins the grievance process but does not complete it" is barred from pursuing his claims under the PLRA and the "doctrine of substantial compliance does not apply").

Under MCDF's grievance procedure, "an inmate must first try to resolve the issue informally by discussing the problem with" the staff member directly involved, the supervisor of the involved staff member, or other appropriate staff. (ECF No. 38-5 at 13.) If informal attempts to resolve the issue fail, an inmate must fill out a written grievance form. (*Id.*) The inmate may then appeal the resolution of the grievance to the Detention Facility Administrator. (*Id.*) An inmate is considered to have exhausted his remedies only after his appeal is denied. (*Id.*)

Here, Plaintiffs do not allege that they followed this grievance procedure. Indeed, Defendant contends that Chrisco did not attempt to raise his grievance before filing this lawsuit, whereas Simpson attempted to bypass the grievance process by sending a letter directly to Sheriff Lewis on April 25, 2020. (ECF No. 38 at 13; ECF No. 38-6.) In response, Simpson was directed to follow MCDF's grievance procedures, which he did not do.[1] (ECF No. 38 at 13; ECF No. 38-7.)

Because Plaintiffs have not alleged that they have exhausted their administrative remedies—and the evidence before the Court plainly suggests that they have not done so—Plaintiffs' claims are likely barred by the PLRA. *See Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). Accordingly, the Court finds that Plaintiffs have not

---

[1] The response letter also outlined a number of steps that MCDF had already taken to mitigate the spread of COVID-19, including issuing masks to inmates and staff and implementing medical screenings. (ECF No. 38-7 at 1.)

6

demonstrated that there is a substantial likelihood that they will prevail on the merits of their claims.[2]  *See Diné Citizens*, 839 F.3d at 1281.

Moreover, even if Plaintiffs had exhausted their administrative remedies, their PI Motion still must be denied because Plaintiffs have not adequately alleged that they will suffer "irreparable harm unless the injunction is issued." *Id.* "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1267 (10th Cir. 2005).  As Defendant points out, MCDF has not had a single case of COVID-19 as of August 28, 2020.  (ECF No. 38 at 10.)  Moreover, Plaintiffs have not pled any facts suggesting that they are at a high risk for developing a serious illness should they contract COVID-19.  (*Id.*)  Accordingly, the Court finds that Plaintiffs have failed to establish that they will suffer any non-speculative irreparable harm.

For the reasons explained above, Plaintiffs' PI Motion is denied.

### III.  MOTION TO STAY

Because the Court has now denied Plaintiffs' PI Motion, it will also deny as moot Defendant's Motion to Stay to the extent it requests that the Court hold the PI Motion in abeyance until Simpson's prison transfer is complete.[3]

---

[2] Because the Court finds that Plaintiffs are unlikely to succeed on the merits because they have likely failed to exhaust their administrative remedies, it will not address Defendant's additional arguments as to why Plaintiffs are unlikely to succeed on the merits.  (*See* ECF No. 38 at 8.)

[3] On September 3, 2020, the Court referred the portion of the Motion to Stay which requests a stay of the Motion to Dismiss to United States Magistrate Judge Gallagher.  (ECF No. 44.)

## IV.  CONCLUSION

Accordingly, the Court hereby ORDERS as follows:

1. Plaintiffs' Motion for Preliminary Injunction (ECF No. 3) is DENIED; and,

2. Defendant's Motion to Hold Motion to Dismiss and Motion for Preliminary Injunction in Abeyance (ECF No. 43) is DENIED AS MOOT to the extent it requests that the Court stay its determination of Plaintiffs' Motion for Preliminary Injunction.

Dated this 4th day of September, 2020.

BY THE COURT:

William J. Martinez
United States District Judge